**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

IN RE: STANLEY RAYQUAN BROWN                    CASE NO. 22-60221
                                                CHAPTER 13

**NOTICE OF HEARING ON DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

Please take notice that Counsel for the above-named Debtor filed a Motion to Extend the Automatic Stay, a true copy of which is attached hereto, and shall submit the same to the Honorable Rebecca B. Connelly, Bankruptcy Judge, for approval.  **You should read these papers carefully and discuss them with your attorney, if you have one.  Your rights may be affected.**

If you do not want the court to grant the Debtor's motion, then on or before **March 31, 2022**, you or your lawyer must file with the court a written response to the motion, explaining your position.  If you choose to file a response by mail, you must mail it early enough so that the court will **receive** it on or before the date stated above.  Mailed responses should be mailed to Debtor's counsel at the address given in the signature block as well as to the court at the following address:

Clerk, U.S. Bankruptcy Court
1101 Court St., Room 166
Lynchburg, VA  24504

If a timely response is filed, you must attend the hearing on the motion, scheduled to be held on *April 14, 2022, at 9:30 a.m.*, by video conference*.*  The video conference may be accessed by the following link https://vawb-uscourts-gov.zoomgov.com/j/1603692643 or by using the Meeting ID **160 369 2643** to access the Zoom video conference.

If you or your attorney fail to file a timely written response to said motion or, after timely response, fail to appear at the scheduled hearing to object to the requested relief, the court may decide that you do not oppose the motion and enter an order granting the request without further notice.

I hereby certify that I have served a true copy of the Notice of Hearing on Debtor's Motion to Extend the Automatic Stay as well as the underlying motion via US Mail first class postage paid or via the CM/ECF system, to Herbert L. Beskin, Chapter 13 Trustee and to all necessary creditors or parties in interest.

Dated: March 10, 2022                    /s/ Shannon T. Morgan
                                         Shannon T. Morgan, VSB 84978
                                         ROYER CARAMANIS, PLC
                                         200-C Garrett Street
                                         Charlottesville, VA 22902
                                         (434) 260-8767 / (434) 326-5614 Facsimile
                                         SMorgan@RC.Law
                                         *Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

**IN RE: STANLEY RAYQUAN BROWN**  **CASE NO. 22-60221**
                                  **CHAPTER 13**

## MOTION TO EXTEND THE AUTOMATIC STAY

COMES NOW the Debtor Stanley Rayquan Brown, by Counsel, pursuant to Bankruptcy Code Section 362, states as follows:

1. That on **_March 10, 2022,_** the Debtor filed in this Court a Petition under Chapter 13 of the US Bankruptcy Code;
2. The Debtor's previous bankruptcy cases are as follows: (List all cases, filing date, Chapter, status and date of discharge or dismissal)
   Chapter 13 Case No. 21-61027; Filed 9/16/2021; Dismissed 11/18/2021.
3. Due to the dismissal of the previous case, the automatic stay will expire 30 days after the date of filing this new petition;
4. The Debtor is requesting that the Court extend the automatic stay for the following reasons: 1) Mr. Brown's previous case was dismissed because he lost his job and was unable to find employment where he would have income sufficient to make even his first plan payment due in large part to the pandemic; 2) Mr. Brown was previously slated to start a job with Amazon in the warehouse but the job did not come to fruition in the way he had hoped; 3) Mr. Brown will be returning to the Departments of Corrections as a correctional office starting on March 14, 2022; 4) Mr. Brown will submit a wage deduction order to the Court for entry in order for his Trustee payment to be sent immediately out of his first paycheck; 5) in the interim, Mr. Brown has given funds to counsel to make his first semi-monthly payment; and 6) Mr. Brown now has the resources to make his repayment plan successful and asks the Court to extend the automatic stay in his case.

**WHEREFORE,** your Debtor prays that the Court, after notice and an opportunity for hearing, enter an Order extending the automatic stay until such time the Court deems otherwise.

DATED:  March 10, 2022                    /s/Shannon T. Morgan
                                          Shannon T. Morgan, VSB 84978
                                          ROYER CARAMANIS, PLC
                                          200-C Garrett Street
                                          Charlottesville, VA 22902
                                          (434) 260-8767 / Fax (434) 326-5614
                                          SMorgan@RC.Law
                                          Counsel for the Debtor